FILED

NOV 13 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| GERARDO GARCIA-GUERRERO, | No. 09-72552 |
| Petitioner, | Agency No. A078-191-859 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 8, 2013[**]
Pasadena, California

Before: GOULD and BYBEE, Circuit Judges, and CHEN, District Judge.[***]

Petitioner Gerardo Garcia-Guerrero seeks review of the United States

Citizenship and Immigration Services' ("USCIS") denial of his motion to reopen

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Edward M. Chen, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

or reconsider his final order of removal in light of the Supreme Court's decision in *Leocal v. Ashcroft*, 543 U.S. 1 (2004). We dismiss for lack of jurisdiction.

The former Immigration and Naturalization Service ("INS") removed Garcia-Guerrero pursuant to an expedited order of removal under INA § 238(b), 8 U.S.C. § 1228(b). Garcia-Guerrero seeks to reopen or reconsider this final order of removal. Where the BIA does not have jurisdiction, the regulation that governs motions to reopen or reconsider an agency decision is 8 C.F.R. § 103.5. Under this regulation, jurisdiction is limited to "the official who made the latest decision in the proceeding unless the affected party moves to a new jurisdiction." *Id*. § 103.5(a)(1)(ii). The official who issued the latest decision here was an INS Deciding Service Officer. Congress abolished the INS—and its Deciding Service Officers—in 2003. *See* 6 U.S.C. § 291. Congress did not abolish the expedited removal program, however. As we have recognized, that program was transferred to United States Immigration and Customs Enforcement ("ICE"), not USCIS. *See United States v. Valdavinos-Torres*, 704 F.3d 679, 690 (9th Cir. 2012) (stating that 8 C.F.R. § 238.1(b) "requir[es] ICE to provide aliens facing expedited removal 'a list of available free legal service programs'"); *United States v. Reyes-Bonilla*, 671 F.3d 1036, 1041 n.2 (9th Cir. 2012) (noting that most INS functions "were

2

transferred to [DHS] and its subagency, ICE," in the context of reviewing a §

238(b) expedited order of removal).

Therefore, Garcia-Guerrero filed his motion to reopen or reconsider with the

wrong agency: USCIS lacked jurisdiction to reopen or reconsider his final order of

removal. *See* 8 C.F.R. § 103.5. Accordingly, USCIS' July 13, 2009, letter was not

a final order of removal subject to review in this court, and we must dismiss

Garcia-Guerrero's petition for lack of jurisdiction. *See Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Galindo-Romero v. Holder*, 640 F.3d

873, 877 (9th Cir. 2010). We express no view on the merits of the petition or

whether a motion to reopen or reconsider under 8 C.F.R.§ 103.5 is even permitted

in § 238(b) proceedings.

**DISMISSED.**